UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC DAVID WORDEN,

        Plaintiff,

v.                                                                                  Case No.  2:24-cv-11191
                                                        F. Kay Behm
                                                        U.S. District Judge

GLENN GEARLAND, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a pro se civil rights complaint filed under 42 U.S.C. § 1983.  The United States District Court for the Western District of Michigan transferred the case to this court on May 5, 2024.  Michigan prisoner Marc David Worden, presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, sues prison employees: Prison Counselor Glenn Gearland, Acting Inspector T. Blain, Acting Resident Unit Manager Gary Keyes, Assistant Deputy Warden Jim King, and Warden Gary Minard.  Worden's claims arose during his confinement at the St. Louis Correctional Facility in St. Louis, Michigan.  His complaint alleges that Defendants deprived him of toilet tissue, retaliated against him, confiscated and destroyed items of personal property, and denied him a hearing related to the removal of his personal property.  (ECF No. 1.)  Worden seeks compensatory and punitive damages.  (*Id*., PageID.5.)

1

Upon initial screening, the court concludes that Worden fails to state a claim against Defendants Blain, Keyes, King, and Minard.  Therefore, the court dismisses these defendants from the complaint.  The court further dismisses Worden's Eighth Amendment and deprivation-of-property claims for failure to state a claim.  However, the court concludes that Worden's retaliation claim against Defendant Gearland survives screening.

## I.

Worden has been granted in forma pauperis status.  (ECF No. 5.)  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

Worden alleges that in November 2023, while confined at the St. Louis

Correctional Facility, he asked Defendant Gearland to provide him with additional rolls of toilet tissue. (ECF No, 1, PageID.3.) He avers that his request was denied, and that he filed a grievance on the matter. His attached exhibit of a grievance form shows that Defendant Gearland informed him that prison policy allows prisoners to receive four rolls of toilet paper every other Thursday. (*Id*. at PageID.9.) Worden asserts that the amount is inadequate.

Worden further alleges that on December 11, 2023, shortly after speaking with Defendant Keyes regarding Gearland's refusal to provide additional rolls of toilet tissue, prison officers raided his cell and confiscated two electronic tablets. (*Id*. at PageID.3.) Worden states that Defendant Blain told him that the search was to "find a WIFI box" and, if he cooperated, his tablets would be returned. (*Id*.) Worden alleges that on December 12, 2023, his cell was searched, again, and more personal items were removed. (*Id*.) Worden maintains that none of the removed items had been altered. When called to retrieve the items, Defendant Gearland told Worden that the items had been altered and would not be returned. (*Id*.) Worden avers that a heated verbal exchange ensued, and Defendant Gearland shouted, "Good Luck getting your tablet back, go write another F-ing grievance." (*Id*.) He further avers that staff violated his due process rights by failing to hold a hearing on the removal of his personal property. (*Id*. at PageID.4.)

### III.

Upon careful review, the court concludes that certain claims and Defendants

must be dismissed from the complaint.

First, Worden's deprivation-of-property claim fails under § 1983. Worden's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Because Worden's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Worden does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss. "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999). Michigan has several

5

postdeprivation remedies, including Michigan Court Rule 3.105, which allows for an action for claim and delivery of the property; Mich. Comp. Laws § 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained; and Mich. Comp. Laws § 600.6401, *et seq.*, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Moreover, the Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Worden fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property. Accordingly, Worden fails to state a due process claim regarding the deprivation of his property.

Next, Worden fails to state a conditions of confinement claim under the Eighth Amendment. Worden argues that Defendant Gearland violated his Eighth Amendment rights by denying his requests for additional rolls of toilet paper. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involve the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S.

6

at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

"[N]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quotation makes omitted)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell,

7

or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (citation omitted)).

Similarly, allegations that a prisoner was simply denied an additional allotment of toilet paper, which caused him to be temporarily inconvenienced, do not rise to the level of an Eighth Amendment violation. "[T]he failure to provide a prisoner with an adequate supply of toilet paper does not create a violation of constitutional magnitude." *Citro v. Zeek*, 544 F.Supp.829 (W.D.N.Y. 1982) (dismissing as frivolous the claim that an inmate was denied additional toilet paper rolls upon request); *Cusam v. Sobek*, 604 F. Supp. 2d 416 (N.D.N.Y. 2009) (a 12-day denial of basic necessities such as toilet paper and soap were insufficient to establish an Eighth Amendment violation without the inclusion of other deprivations that could elevate a temporary inconvenience to the level of cruel and unusual punishment); *but see Flanory v. Bonn*, 604 F.3d 249, 255-56 (6th Cir. 2010) (holding that allegations that an inmate was deprived of toothpaste for 337 days and experienced dental health problems did not constitute a temporary inconvenience and were sufficient to state an Eighth Amendment claim).

Here, Worden's temporary denial or deprivation of toilet tissue does not arise to the level of cruel and unusual punishment. Worden receives four rolls of toilet tissue every two weeks. Based on this bi-weekly distribution, the court can infer that Worden only went without toilet tissue for a few days. His allegation, therefore, constitutes only a temporary inconvenience, which does not entitle him to relief. Accordingly, he fails to state a claim.

Next, Worden's claims against Defendants King and Minard must be dismissed because he fails to allege any facts demonstrating their personal involvement. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also* Fed. R. Civ. P. 8(a).

Worden fails to show that these Defendants personally contributed to the violations alleged in the complaint. Although he identifies Defendants in the caption of his complaint, he fails to identify them or explain their roles in the alleged violations in the body of his complaint. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy these basic pleading requirements. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Worden fails to allege with any degree of specificity how each of the named Defendants were personally involved in or responsible for each of the alleged violations of his federal rights. *See Frazier v. Michigan*, 41 Fed. App'x. 762, 764 (6th Cir. 2002); *see also Branham v. Jabe*, 853 F. 2d 926 (Table), 1988 WL 81713, * 1 (6th Cir. Aug. 5, 1988) (district court properly granted summary judgment where prisoner in civil rights case failed to allege any personal involvement on the part of the defendants in the events complained of). Therefore, the court will dismiss these Defendants from the complaint.

Lastly, the court concludes that Worden's retaliation claim against Defendant Gearland is not subject to summary dismissal. While Worden may or may not ultimately prevail on this claim, he has pleaded sufficient facts to state a potential claim for relief.

**IV.**

For the reasons stated, the court **DISMISSES** Worden's claims concerning violations of his Eighth and Fourteenth Amendment rights for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

The court further **DISMISSES** Defendants Blain, Keyes, King, and Minard from this action as they do no longer have valid pending claims for relief against them.

The court further concludes that Worden's claim against Defendant Gearland for First Amendment retaliation survives the Court's initial screening process and is not subject to summary dismissal.

**SO ORDERED**.

Date:  October 16, 2024

s/F. Kay Behm
F. Kay Behm
United States District Judge